**SHUI QIN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Department of Homeland Security, Sean Cenawood, United States Attorney's Office, Southern District of New York, Respondents.**

No. 05–5789–AG.

United States Court of Appeals, Second Circuit.

May 22, 2006.

David A. Bredin, New York, New York, for Petitioner.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED and the case is REMANDED to the BIA.

Shui Qin Chen, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") George T. Chew's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Tor-ture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ determined, and the BIA affirmed, that Chen failed to submit a timely application and did not show changed or extraordinary circumstances that would excuse the late filing. Title 8, § 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C.

§ 1252(a)(2)(D). "Questions of law" include matters of statutory and regulatory construction, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006). This Court lacks jurisdiction to review the denial of the asylum application in the present case, as Chen acknowledges that his application was late and argues only that it should be reviewed "in the interest of justice".

■ As to withholding, the IJ determined, and the BIA agreed, that the discrepancy between Chen's testimony and his household register concerning his employment history was detrimental to his credibility. Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 308–09; *Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). The IJ and BIA placed undue weight on the inconsistency between Chen's testimony and his household register concerning his employment history, as Chen's application for relief was based primarily on the forced abortion of his wife's second and third pregnancies, not on his dismissal from work on account of his failure to sign the one-child contract. To the extent that the denial of CAT relief also hinged on this finding, that decision is also erroneous.

---

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).